PROB 12C
(6/16)

Report Date: September 29, 2020

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Sep 29, 2020**

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Benita Desiree Long                Case Number: 0980 1:16CR02040-SAB-1

Address of Offender:                    , Wapato, Washington 98951

Name of Sentencing Judicial Officer:  The Honorable Stanley A. Bastian, Chief U.S. District Judge

Date of Original Sentence: February 22, 2017

| | | | |
|---|---|---|---|
| Original Offense: | Assault with a Deadly Weapon, 18 U.S.C. §§ 113(a)(3) and 1153 | | |
| Original Sentence: | Prison - 51 months; TSR - 36 months | Type of Supervision: | Supervised Release |
| Asst. U.S. Attorney: | Ben Seal | Date Supervision Commenced: | July 20, 2020 |
| Defense Attorney: | Rick Lee Hoffman | Date Supervision Expires: | July 19, 2023 |

## PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition #1**: You must not commit another federal, state or local crime.<br><br>**Supporting Evidence**: On August 20, 2020, Ms. Long is alleged to have committed the crime of Driving Under the Influence, a violation of Revised Code of Washington (RCW) 46.61.502.<br><br>Per COVID-19 procedures, Ms. Long's conditions of supervised release were verbally reviewed with her on July 22, 2020. She verbally acknowledged an understanding of her conditions, which includes mandatory condition number 1, as noted above.<br><br>According to the narrative for Washington State Patrol (WSP) incident report number 20-013787, the following occurred on August 20, 2020: while on patrol in Yakima County, a vehicle driven by the offender crossed a solid white line, nearly colliding with a Washington State trooper's vehicle. Subsequently, a traffic stop was initiated.<br><br>During the initial contact with Ms. Long and her passenger, an alcoholic beverage was observed in the center console of the vehicle. Neither the offender nor her passenger would claim ownership of the alcoholic beverage. While being questioned, Ms. Long verbally admitted to the officer she had been driving without a license or insurance. |

After Ms. Long declined to answer the officer's inquiry into how many alcoholic beverages she had consumed, the offender was asked to exit the vehicle. Once out of the vehicle, Ms. Long declined the officer's request to complete field sobriety tests. The state trooper requested the assistance of a Drug Recognition Expert (DRE) trooper. Once on scene, the DRE officer began questioning the offender. After questioning, the DRE officer suspected the offender was under the influence of an unknown substance.

Ms. Long was placed under arrest and taken to Virginia Mason Memorial Hospital. At the hospital, the arresting officer placed a recorded call to Yakima County District Court Judge Kevin Roy, who approved a search warrant to draw the offender's blood. The offender was released after her sample was collected.

As of the writing of this report, this case remains pending in state court, with the results of the blood draw unavailable at this time.

2   **Special Condition #6**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: It is alleged Ms. Long violated her conditions of supervised release by failing to enter into an approved substance abuse treatment program on August 5, September 15 and 22, 2020.

Per COVID-19 procedures, Ms. Long's conditions of supervised release were verbally reviewed with her on July 22, 2020. She verbally acknowledged an understanding of her conditions, which includes special condition number 6, as noted above.

On July 22, 2020, the undersigned officer instructed the offender to complete a drug and alcohol evaluation, which she completed on July 29, 2020, with the Yakama Nation's Tiinawit program (YNTP).

On August 5, 2020, the provider at the YNTP wrote a letter reporting Ms. Long was out of compliance with drug and alcohol treatment by not reporting as instructed. It should be noted, the notification was not received until August 20, 2020.

On August 24, 2020, the undersigned officer confronted Ms. Long in regard to the YNTP letter. The offender was instructed to contact the provider at the YNTP by noon the following day, which she did.

On September 3, 2020, Ms. Long requested and was approved a transfer from the YNTP to Merit Resource Services (Merit) for drug and alcohol treatment services. The offender has failed to attend an intake appointment with Merit on September 15 and 22, 2020.

Prob12C
**Re: Long, Benita Desiree**
**September 29, 2020**
**Page 3**

| | | |
|---|---|---|
| 3 | | **Standard Conditions #2:** After initially reporting to the probation office, you will receive instructions from the Court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed. |

        **Supporting Evidence:** It is alleged Ms. Long violated her conditions of supervised release by failing to report to the probation officer as directed on September 16, 17, and 18, 2020.

        Per COVID-19 procedures, Ms. Long's conditions of supervised release were verbally reviewed with her on July 22, 2020. She verbally acknowledged an understanding of her conditions, which includes standard condition number 2, as noted above.

        On September 15, 2020, the undersigned officer left a voice mail instructing Ms. Long to report by noon on September 16, 2020, which she failed to do.

        On September 17, 2020, Ms. Long sent the undersigned officer a text message, apologizing for not reporting as instructed. The undersigned officer responded by sending the offender instructions to report by the end of the day, which she failed to do.

        On September 18, 2020, the undersigned officer called Ms. Long leaving a voice mail instructing Ms. Long to report by 5 p.m. on this date, which she failed to do.

        It should be noted, on September 25, 2020, the undersigned officer made telephone contact with Ms. Long. At this time, it appears Ms. Long is filtering when and with whom she is willing to have contact.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegations contained in this petition.

        I declare under penalty of perjury that the foregoing is true and correct.

        Executed on:   September 29, 2020

                      s/Nick Bazan

                      Nick Bazan
                      U.S. Probation Officer

Prob12C
**Re: Long, Benita Desiree**
**September 29, 2020**
**Page 4**

THE COURT ORDERS

[ ]  No Action
[X]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  Other

_____
Signature of Judicial Officer

_____9/29/2020_____
Date